Filed 11/2/15  P. v. Townsend CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263547 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA134182-01) |
| v. | |
| BRIAN JOVELL TOWNSEND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Joel Wallenstein, Judge.  Affirmed.

Juliana Drous, under appointment by the Court of Appeal, for Defendant and Appellant Joel Lopez.

No appearance for Plaintiff and Respondent.

————————————

Defendant Brian Jovell Townsend appeals from his conviction of possession of a firearm by a felon. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with possession of a firearm (Pen. Code, § 29800, subdivision (a)(1)) (count 1) and carrying an unregistered, loaded handgun (§ 25850, subd. (a)); prior convictions were alleged pursuant to the Three Strikes law (§ 667, subds. (b)-(i); § 1170.12, subds. (a)-(d)) and section 667.5, subdivision (b).[1] While in custody, defendant was tape recorded talking about another gun at his home. After a gun was found in a search of defendant's home, the People amended the complaint to add a second gun possession charge (count 3). ~RT B4-5; CT 6 et seq.)~

On August 4, 2014, the People dismissed count 3; defendant pled no contest to the original firearm possession charge (count 1) and admitted one Three Strikes prior conviction in exchange for a 32 month sentence (the 16 month low term, doubled pursuant to Three Strikes).[2] The plea included a "*Cruz* waiver," pursuant to which defendant was released from custody with the understanding that he could face the maximum term sentence of six years if he failed to appear at the sentencing hearing on November 5, 2014.[3] On November 5, the trial court granted defendant's request to continuance the sentencing hearing to December 5, 2014. A bench warrant was issued when defendant failed to appear on December 5, 2014. Defendant appeared on February 17, 2015, and was remanded into custody.

---

[1] All undesignated statutory references are to the Penal Code.

[2] See section 18, subdivision (a).

[3] *People v. Cruz* (1988) 44 Cal.3d 1247.

2

At the sentencing hearing on February 24, 2015, the trial court dismissed the ammunition possession charge (count 2) and sentenced defendant to four years in prison (the two year mid-term doubled pursuant to Three Strikes) on count 1; he was given presentence custody credit of 32 days comprised of 16 days in actual custody and 16 days of good conduct credit. A $300 restitution fine (Pen. Code, § 1202.4, subd.(b)), a $300 parole revocation restitution fine (Pen. Code, § 1202.45, subd. (a)), a $40 court security fee (Gov. Code, § 70373) and a $30 court facility assessment (Pen. Code, § 1468.8) were also imposed. Defendant timely appealed.

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that he/she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. Defendant has not filed a supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.                                    FLIER, J.


3